UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RED WING AEROPLANE COMPANY, a
Wisconsin Corporation,

        Plaintiff,

v.

GUSTAVO LIRA, an individual; and
JETOPTIONS PRIVATE JETS, LLC, a Texas
limited liability company,

        Defendants.

Case No.:  17-cv-308

---

## COMPLAINT

Plaintiff Red Wing Aeroplane Company ("Plaintiff" or "Red Wing") alleges as follows for its Complaint against Defendants Gustavo Lira ("Lira") and JetOptions Private Jets, LLC ("JetOptions") (collectively, "Defendants"):

### PARTIES, JURISDICTION, AND VENUE

1.    Red Wing is, and at all times relevant was, a Wisconsin corporation with its principal place of business in Pierce County, Wisconsin.

2.    Upon information and belief, Lira is, and at all times relevant was, a resident of Texas.

3.    Upon information and belief, JetOptions is, and at all times relevant was, a Texas limited liability company with its principal place of business in Dallas County, Texas.

4.    The Court possesses original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

5.      Red Wing is a Wisconsin corporation with its principal place of business in Pierce County, Wisconsin, and it is a citizen of Wisconsin.

6.      Lira is domiciled in and a citizen of Texas. JetOptions is a Texas limited liability company with its principal place of business in Dallas County, Texas, and it is a citizen of Texas.

7.      The Court has personal jurisdiction over Defendants because they have purposefully availed themselves of doing business in Pierce County, Wisconsin; they have caused the events complained of herein to occur in locations including Pierce County, Wisconsin; and the injuries sustained by Red Wing took place in locations including Pierce County, Wisconsin.

8.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

9.      Red Wing is a private jet charter service that serves customers throughout the Western Hemisphere.

10.      Red Wing's fleet is made up of Cessna Citation Jets, most of which were put into service in the mid-1990s.

11.      Customers contact Red Wing to arrange travel by private jet to arrange for leisure or business between airports throughout the continental United States, Alaska, Canada, the Caribbean, Mexico, Central America, and South America.

12.      In or around March 2017, Lira, on behalf of JetOptions, contracted with Red Wing for travel for a client for April 2017. In arranging the travel, Lira communicated multiple times with Red Wing employees by phone and by email.

2

13.     Defendants' clients flew on the plane chartered through Red Wing in early April 2017. That plane was a Cessna 560 with aircraft serial number N215H ("N215H").

14.     The interior of N215H had been refurbished on or around March 16, 2017, for a total cost of $57,433.89. The refurbishments included replacing the crew seats, cabin seats, and lavatory seat; replacing the carpeting and sidewalls; replacing the seatbelts; repairing the cabin seat cushion bottom supports; and painting the interior of the plane.

15.     On April 10, 2017, Lira called Heather Converse, a Red Wing employee, to complain that his clients had complained about N215H's condition.

16.     Also on April 10, 2017, Lira called Wesley Converse, vice president of flight operations for Red Wing, to complain about N215H's condition.

17.     In his conversation with Wesley Converse on April 10, 2017, Lira said, "Wait to see . . . what I do about your company. You wait. Ok? I'm gonna call everybody."

18.     Following those telephone calls, Lira posted a message through the listserv on Air Mail, a members-only social network for business aircraft operators run by the National Business Aviation Association ("NBAA Air Mail"). Messages posted to the NBAA Air Mail listserv are automatically emailed to Air Mail members throughout the country and are available to members browsing the NBAA Air Mail website. Lira's message invited anyone considering contracting with Red Wing to call him first.

19.     On April 17, 2017, Lira again posted to the NBAA Air Mail listserv. The subject line of the message stated: "[NBAA-charter] Anyone looking to use RedWing Aero Call me first." The body of the message included the signature: "Gus Lira[,] JetOptions Private Jets LLC."

PHOENIX 74795-1 365335v1

20.     Lira's postings to the NBAA Air Mail listserv were sent to and received by individuals, including current and potential Red Wing customers, throughout the country, including in Wisconsin.

21.     When individuals called Lira in response to his posts to the NBAA Air Mail listserv, he made defamatory statements about Red Wing to those individuals.

22.     Lira's defamatory comments included that Red Wing has poor customer service, its fleet is in poor condition, that Red Wing has poor maintenance practices, and it is misleading about the condition of its aircraft.

23.     For example, on or around April 19, 2017, Lira made statements to a former and potential Red Wing customer that "Red Wing is probably, on a scale of one to 10, a two"; that "the condition of [Red Wing's] aircraft [is] they're dumps"; that Red Wing has poor customer service; and that the tables in N215H were broken, knobs came off when pulled, there were holes in the carpet, and the walls were cracked.

24.     Lira also repeated and/or republished to third parties additional false and defamatory statements communicated to him by email by his client, including that N215H is in poor condition, is missing paint, has broken features in the interior, and is in need of renovation.

25.     Lira's comments included blatantly false statements that were defamatory and were directed at impugning Red Wing's business.

## **CLAIM ONE**

### **(Defamation)**

26.     Plaintiff re-alleges and incorporates by this reference Paragraphs 1-25 of the Complaint as if fully set forth herein.

PHOENIX 74795-1 365335v1

27.    Defendants made (and, upon information and belief, is continuing to make) false statements about Red Wing's business.

28.    Defendants repeated and/or republished false statements about Red Wing's business.

29.    Defendants knew or should have known the statements were false.

30.    Defendants communicated those false statements to third parties by speech and/or in writing.

31.    Defendants were not privileged to communicate the false statements.

32.    The communications of the false statements harmed Red Wing's reputation, lowering Red Wing in the estimation of the community or deterring third parties from associating or dealing with Red Wing.

33.    Red Wing was damaged, and is continuing to be damaged, as a direct and proximate result of Defendants' defamatory statements, in an amount to be proven at trial.

34.    Because the defamatory statements impugn Red Wing's business, they constitute libel and/or slander per se.

35.    Defendants acted with express malice, so that punitive damages are warranted.

## CLAIM TWO

### (Interference with Prospective Contractual Relationship)

36.    Plaintiff realleges and incorporates by this reference Paragraphs 1-35 of the Complaint as if fully set forth herein.

37.    Red Wing had, and has, prospective contractual relationships with third parties.

38.    Defendants knew of those prospective contractual relationships.

PHOENIX 74795-1 365335v1

39.     Defendants interfered with those prospective contractual relationships by posting to the NBAA Air Mail listserv and by making defamatory statements about Red Wing to those third parties.

40.     Defendants interfered with the intent of disrupting the prospective contractual relationships.

41.     As a result of Defendants' interference, upon information and belief, the prospective contractual relationships actually were disrupted.

42.     Red Wing was damaged as a direct and proximate result of Defendants' interference, in an amount to be proven at trial.

## JURY DEMAND

Red Wing demands a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in its favor and against Defendants, and each of them jointly and severally, awarding Plaintiff the following relief:

A.     Compensatory damages in an amount to be proven at trial, in excess of $75,000;

B.     Punitive damages in an amount to be proven at trial;

C.     An injunction restraining Defendants from future wrongful conduct;

D.     Pre- and post-judgment interest at the maximum amount permitted by law; and

E.     Such other and further legal and/or equitable relief as the Court deems just and proper under the circumstances.

PHOENIX 74795-1 365335v1

Dated this 26th day of April, 2017.

s/ Timothy I. McCulloch

Timothy I. McCulloch
Arizona State Bar No. 023732
**DICKINSON WRIGHT PLLC**
1850 N. Central Ave., Suite 1400
Phoenix, AZ 85004
Phone: (602) 285-5000
Fax: 1-844-670-6009
Email: tmcculloch@dickinsonwright.com

7