IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RED WING AEROPLANE COMPANY,

          Plaintiff,

    v.                                       ORDER

GUSTAVO LIRA and                     17-cv-308-jdp
JETOPTIONS PRIVATE JETS, LLC,

          Defendants.

---

Plaintiff Red Wing Aeroplane Company has filed suit against defendants Gustavo Lira and JetOptions Private Jets, LLC, alleging claims for defamation and interference with prospective contractual relationships. Dkt. 1. Red Wing alleges that the court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000. But because the complaint does not contain enough information about JetOptions, the court cannot confirm that the parties are completely diverse. The court will direct Red Wing to file an amended complaint.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94

(2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802-03.

Here, Red Wing alleges that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are diverse. For the latter to be true, the parties must be completely diverse, meaning Red Wing cannot be a citizen of the same state as any defendant. *Id.* at 803. Although Red Wing satisfactorily alleges that it is a Wisconsin citizen and that Lira is a Texas citizen,[1] it does not adequately allege JetOptions's citizenship.

JetOptions is a limited liability company. "[T]he citizenship of an LLC is the citizenship of each of its members[.]" *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Red Wing does not allege the names or citizenships of any of JetOptions's members. Instead, Red Wing alleges that JetOptions is "a Texas limited liability company with its principal place of business in Dallas County, Texas, and it is a citizen of Texas." Dkt. 1, ¶ 6. But an LLC's principal place of business is not relevant to deciding its citizenship. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this case for lack of subject matter jurisdiction, the court will allow Red Wing to file an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenships of each of JetOptions's members. In alleging JetOptions's citizenship, Red Wing should be aware that if any members of the LLC are themselves an LLC, partnership, or other similar entity, then Red Wing must allege the individual citizenship(s) of each of those members as well: "the citizenship of unincorporated associations must be traced

---

[1] "Red Wing is a Wisconsin corporation with its principal place of business in Pierce County, Wisconsin, and it is a citizen of Wisconsin." Dkt. 1, ¶ 5.

"Lira is domiciled in and a citizen of Texas." *Id.* ¶ 6.

through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Because the citizenship of the members of a defendant LLC may not be something easily discoverable by plaintiff, the allegations of citizenship may be made on information and belief.

ORDER

IT IS ORDERED that:

1. Plaintiff Red Wing Aeroplane Company may have until May 19, 2017, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered May 8, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge